IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| buySAFE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GOOGLE, INC., )<br>)<br>Defendant. ) | Civil Action No. 3:13cv781–HEH |

## MEMORANDUM OPINION
(Protective Order)

THIS MATTER is before the Court on a Joint Motion for Protective Order (ECF No. 48). The parties agree to all of the provisions of the Protective Order except for the scope of the Prosecution Bar ("the Bar") as set forth in Section 2.B. of the two versions of the Proposed Protective Order. (ECF No. 49, Exhibits A and B thereto).[1] On May 9, 2014, Google, Inc. ("Defendant") filed a Petition ("the Petition") for a covered business method ("CBM") review, challenging the validity of the asserted U.S. Patent 8,515,791 ("the Patent") that is owned by buySAFE, Inc. ("Plaintiff"). The U.S. Patent Trial and Appeal Board ("PTAB") has not yet ruled on the Petition.[2] If the Petition is granted,

---

[1] As more fully detailed in the Protective Order, the Prosecution Bar prevents anyone who gains access in the litigation to an opposing party's "Confidential Outside Counsel Only Materials or Source Code" from any involvement in Prosecution Activity (as defined in the Protective Order) (1) on behalf of a party in this case, and (2) involving claims in a method, apparatus, or system that is similar to or covered by the asserted patent or the accused product(s). The Bar is effective for a period commencing upon receipt of such information and ending three years following the conclusion of this case.

[2] The Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011) provides for PTAB review of CBM patents upon petition.

Plaintiff may make a motion to PTAB to amend claims of the Patent. 35 U.S.C. § 326(d). The crux of the disagreement over the scope of the Bar is whether it should extend to post-grant review proceedings, i.e., to the CBM review. Defendant believes it should extend to such proceedings (ECF No. 49, Exhibit A thereto, "Defendant's Bar"), and Plaintiff argues it should not. (ECF No. 49, Exhibit B thereto, "Plaintiff's Bar"). The parties have fully briefed the issue, and this matter is ripe for disposition. For the reasons stated herein, and reflected in the Court's Order on May 22, 2014 (ECF No. 57), the Court grants the Joint Motion for Protective Order and adopts Defendant's Bar.

## I. Standard of Review

Defendant, as the moving party, has the burden to show as a threshold matter that there is good cause for inclusion of a prosecution bar. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (citing Fed. R. Civ. P. 26(c)). Under *Deutsche Bank*, Defendant "must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." 605 F.3d at 1381. "A determination of the risk of inadvertent disclosure or competitive use does not end the inquiry. . . [T]he district court must balance this risk against the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice." *Id.* at 1380. "In balancing these conflicting interests the district court has broad discretion to decide what degree of protection is required." *Id.*

2

If Defendant meets these threshold requirements, the burden shifts to Plaintiff, the party seeking an exemption, who must show:

> on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.

*Id.* at 1381.

## II. Analysis[3]

### A. Good Cause for Prosecution Bar

Plaintiff argues that Defendant has not shown good cause to adopt its version of the Bar because it has not met its burden to show that it reasonably reflects the risk of disclosure. *Deutsche Bank*, 605 F.3d at 1378, 1381. Plaintiff contends that the financial and strategic injury Plaintiff would endure under Defendant's Bar outweighs the risk to Defendant. Plaintiff anticipates that it would be injured because it would have to retain two sets of counsel – one to work on the case before this Court and another to address the CBM review before PTAB. As a small company, Plaintiff emphasizes the financial cost it would bear in obtaining additional counsel. Moreover, Plaintiff believes that Defendant's Bar would unilaterally affect Plaintiff by creating a tactical advantage for Defendant. Plaintiff contends that its litigation counsel would be prohibited from

---

[3] The parties rely on a number of cases outside of this Court's jurisdiction and cases within this jurisdiction that are not directly on point. Absent any controlling cases applicable to the circumstances at hand and given how recently the America Invents Act (which provides for the CBM review at issue) was enacted, this Court bases its decision on the factors expressly outlined by the Federal Circuit in *Deutsche Bank*, 605 F.3d at 1381.

3

participating in post-grant review proceedings while Defendant's litigation counsel would be allowed to participate in this case and any post-grant review proceedings concerning the claims at issue.

Plaintiff claims that these injuries outweigh the risk to Defendant. Specifically, Plaintiff argues the risk to Defendant is minimal, given the nature of the reexamination in post-grant review, where the claims can only be limited, not expanded – and any changes must be approved by PTAB. *See* 35 U.S.C. § 326(d)(3) ("An amendment under this subsection [which provides for post-grant review] may not enlarge the scope of the claims of the patent or introduce new matter." ). Plaintiff argues that the limited nature of post-grant review proceedings "alleviates most, if not all, of the risk" to Defendant. (Pl.'s Mem. Supp. Mot. Protective Order, 2, ECF No. 51).

This Court disagrees, and finds that Defendant has met its burden that its proposed "bar reasonably reflect[s] the risk presented." *Deutsche Bank*, 605 F.3d at 1381. Plaintiff has access to Defendant's confidential information and source code, which Defendant describes as the "crown jewels" of Google, Inc., by virtue of the litigation before this Court. (Def.'s Mem. Supp. Mot. Protective Order, 10, ECF No. 50). If Defendant's petition for CBM review is granted, there is a significant risk that Plaintiff will make a motion to PTAB to amend the claims of its Patent "to distinguish them from the prior art in a manner that is informed by its knowledge of [Defendant's] highly confidential information and source code gleaned in this litigation." (*Id.* at 6). Plaintiff contends that Defendant has not clearly defined the potential misuse of Defendant's source code. Defendant's references to potential misuse are not vague. Rather, the potential misuse is

obvious where Plaintiff has access to valuable and confidential source code, and could use such information to create a tactical advantage in this case.

Plaintiff's possible injuries are minimal in comparison to the risk to Defendant. The injuries are minimized because Defendant's Bar applies only to Plaintiff's counsel that have seen Defendant's confidential material and source code. Specifically, Defendant's Bar prevents Plaintiff's litigation counsel, who have access to Defendant's confidential information and source code, from "providing any advice or counseling regarding, or participating in, the drafting or amending claims for any patent application, reissue application, reexamination, or post grant review proceedings." (ECF No. 49, Exhibit A thereto). Accordingly, Plaintiff does not necessarily need to hire separate counsel. Defendant's Bar allows Plaintiff's litigation counsel – who have not and agree not to review Defendant's confidential information or source code – to fully participate in the CBM review proceeding, including motions for claim amendments.

By contrast, the risk to Defendant is significant for the reasons explained *supra* – especially in light of Plaintiff's alleged predisposition to file serial lawsuits against Defendant on newly-issued patent claims. Thus, this Court exercises its "broad discretion," and finds that Defendant's Bar reasonably reflects the risk. *Deutsche Bank*, 605 F.3d at 1380, 1381.

## B. Exemption to Prosecution Bar

Having found good cause to support Defendant's Bar, the Court now considers whether Plaintiff has established that it is entitled to an exemption on a counsel-by counsel basis. *Deutsche Bank*, 605 F.3d at 1381.

The Court finds that Plaintiff has not satisfied the first prong justifying an exemption because Plaintiff's "counsel's representation of the client in matters before the PTO does [implicate or is] likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation." *Id.* The Federal Circuit explains that "competitive decision-makers" may be those who "are more substantially engaged with prosecution." *Deutsche Bank*, 605 F.3d at 1380. Here, Plaintiff does not dispute that its litigation counsel will be engaged in "competitive decision-making" if they participate in post-grant review proceedings. Moreover, it is evident that Plaintiff's counsel's role in the CBM review proceeding will involve many of the activities that the Federal Circuit has identified as implicating the sort of activity that is likely to implicate competitive decisionmaking.[4] Thus, the likely implication of competitive decisionmaking weighs in favor of denying an exemption.

---

[4] The Federal Circuit provided several examples of competitive decisionmaking:

> Such involvement may include obtaining disclosure materials for new inventions and inventions under development, investigating prior art relating to those inventions, making strategic decisions on the type and scope of patent protection that might be available or worth pursuing for such inventions, writing, reviewing, or approving new applications or continuations-in-part of applications to cover those inventions, or strategically amending or surrendering claim scope during prosecution. For these attorneys, competitive decisionmaking may be a regular part of their representation, and the opportunity to control the content of patent applications and the direction and scope of protection sought in those applications may be significant. The risk of inadvertent disclosure of competitive information learned during litigation is therefore much greater for such attorneys. Such attorneys would not likely be properly exempted from a patent prosecution bar.

*Deutsche Bank*, 605 F.3d at 1380.

For the reasons discussed *supra*, the Court also finds Plaintiff has not met the requirements of the second prong because Plaintiff has not shown "that the potential injury to [Plaintiff] from restrictions imposed on its choice of litigation and prosecution counsel [is not outweighed by] the potential injury to [Defendant] caused by such inadvertent use." *Deutsche Bank*, 605 F.3d at 1381. Therefore, the Court denies Plaintiff an exemption to Defendant's Bar at this juncture.

### III. Conclusion

For these reasons, the Court grants the Joint Motion for Protective Order and adopts Defendant's version of the Prosecution Bar as seen in Section 2.B. of the Proposed Protective Order. Accordingly, Defendant's Proposed Protective Order shall govern this case.

/s/
Henry E. Hudson
United States District Judge

Date: June 2, 2014
Richmond, Virginia